UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD MARK MILLINER,

        Plaintiff,

                                    Civil No: 2:14-CV-11185
                                    HONORABLE PAUL D. BORMAN
v.                                    UNITED STATES DISTRICT COURT

TEANDREA TAWANA BOYCE,

        Defendant,

_____/

OPINION & ORDER OF SUMMARY DISMISSAL

I.  INTRODUCTION

      Reginald Mark Milliner, ("Plaintiff"), presently confined at the Ionia Maximum

Correctional Facility in Ionia, Michigan, has filed a civil rights complaint pursuant to 42 U.S.C.

§ 1983, in which he seeks declaratory and monetary relief.  For the reasons stated below, the

complaint is DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN

BE GRANTED.

II.  STATEMENT OF FACTS

      Plaintiff claims that he and the defendant lived together in Inkster, Michigan in a

common law union, starting in 2003.  During that time period, plaintiff claims that he cooked,

cleaned, and took the defendant's son to school.  Plaintiff alleges that he paid all of the living

expenses of defendant and her son.  Plaintiff further claims that he paid to have the house where

defendant and her son lived refurbished.  Plaintiff further alleges that he and the defendant

formed a property management company.

In April of 2006, plaintiff purchased an engagement ring for defendant.  Defendant was not satisfied with the ring so plaintiff took her to a jeweler in Southfield, Michigan to purchase another engagement ring.  Plaintiff claims that defendant still retains possession of both rings.  Plaintiff and defendant agreed to get married in Lucas County, Ohio on July 4, 2006.

Plaintiff claims that subsequent to their marriage, defendant failed to fulfil her conjugal duties.  Plaintiff pleaded guilty in November 2007 to failure to pay child support and was incarcerated for an indefinite period.  Plaintiff claims that sometime in late 2009 or early 2010, defendant began a romantic relationship with a "new lover."

On November 8, 2007, plaintiff was sentenced to to nine to twenty years in prison for the offense of delivery or manufacture of 50-449 grams of cocaine.  Plaintiff remains incarcerated for this offense. [1]

In July of 2011, defendant filed for divorce.  When plaintiff received the divorce papers in prison, he called defendant, who allegedly told him that if he really wanted her he'd "come home and start over and maker her my trophy wife[,]."  Plaintiff claims that defendant has refused to financially support him, even though she had previously promised to.  On November 28, 2011, plaintiff arranged for a teleconference to take place between him and the state court concerning his divorce case, but the call failed.  Plaintiff claims that because of his incarceration, he was unable to properly discuss the terms of the divorce with defendant.  Plaintiff called the defendant later to determine what had happened and was told by defendant that the case was over and that the judge had attempted to call plaintiff several times at the prison.  Defendant

---

[1]   The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

further informed plaintiff that she gave no property to plaintiff in the divorce settlement, because she felt that he "didn't deserve anything."  In January or February of 2013, defendant told plaintiff to stop calling her.

Plaintiff is attempting in his current lawsuit to obtain his personal property, spousal support, and a proper division of the marital property from defendant.  Plaintiff seeks alimony from the defendant, along with additional financial support and the return of several property items.

## III.  STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972).  Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

IV.  DISCUSSION

Plaintiff is not entitled to relief on his claims for two reasons.

First, the Supreme Court has long held that the federal courts do not have jurisdiction over questions involving divorce, alimony, or child custody. *Barber v. Barber*, 62 U.S. (21 How.) 582, 584 (1858).  "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890).  The Supreme Court has consistently held that federal courts lack the power to issue divorce, alimony and child-custody decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703-07 (1992).  "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981).

Plaintiff's allegations demonstrate "that the instant case essentially is a pretense to obtain federal review of domestic relations matters.  As such, plaintiff's complaint constitutes an

4

impermissible attack on state court proceedings." *Danforth v. Celebrezze,* 76 F. App'x. 615, 617 (6th Cir. 2003). As such, this Court lacks jurisdiction to review plaintiff's claims. *Id.*

Secondly, the complaint must be dismissed because the defendant is a private person. In order to act under the color of state law, a defendant in a § 1983 action must have exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988)(internal citations omitted). "An ex-wife, even when an ex-wife acts with her divorce attorney(s), is not a state actor." *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 527 (E.D. Ky. 2005). Plaintiff is thus unable to maintain a civil rights action against the defendant in federal court.

The Court dismisses plaintiff's complaint because it fails to state a claim upon which relief can be granted.

Because plaintiff's complaint lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)). Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon the defendant, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint [Docket No: 1, filed March 20, 2014] is summarily DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH

RELIEF CAN BE GRANTED, pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

SO ORDERED.


                              s/Paul D. Borman
                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

Dated:  May 12, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 12, 2014.


                              s/Deborah Tofil
                              Case Manager